[L. A. No. 9846. In Bank.—June 17, 1930.]

GUSSIE C. BUTTRICK, Appellant, v. D. BYRON SEINES et al., Respondents.

Duke Stone for Appellant.

Richard A. Dunnigan, *in pro per.*, Hahn, Hahn & Landreth and W. W. Praul for Respondents.

SHENK, J.—This is an action for damages for alleged fraud in the sale to the plaintiff of an interest in the product of certain oil and gas wells. Findings and judgment were for the defendants and the plaintiff has appealed.

The principal ground of the appeal is that the evidence is insufficient to support the findings. Considered from a viewpoint favorable to the findings the evidence shows that in August, 1921, the defendant Hamilton leased from approximately twenty-four different owners certain lands at Huntington Beach in Orange County for the purpose of developing thereon oil and gas wells. He paid for the lease the sum of $15,000. A few months later he purchased an assignment of a lease at Signal Hill with a down payment of $10,000 and agreed to prosecute oil and gas operations thereunder. At a time when he was the sole owner of these leases, and on December 12, 1921, he sold by deed to the plaintiff a one seventy-second interest in and to all oil, petroleum, gas and other hydrocarbon substances extracted from the land under said leases. No well was drilled on the Signal Hill property for the reason that other operations in the immediate vicinity proved that expenditure of money on that lease would not be warranted. This lease was therefore abandoned in August, 1922. Drilling operations were prosecuted on the Huntington Beach property, the well being designated as Huntington Beach Well No. 1. At a depth of 2,650 feet water was encountered to such an extent that it was impossible to shut it off. This, together with difficulties arising with the lessors, caused a cessation and discontinuance of these operations. When Hamilton was satisfied that the foregoing two oil leases were failures he obtained a third oil and gas lease on land at Huntington Beach. Without any obligation on his part so to do he deeded to the plaintiff an interest in this third lease. The defendants Seines and Wimpenny were interested with Hamilton in this lease. After an expenditure of over $75,000 on this lease it proved to be a failure. Hamilton, with one McKeon, obtained a fourth lease at Santa Fe Springs in connection with which Hamilton expended over $40,000 of his own money. Unable to provide further funds for drilling purposes he transferred all of his interest in and to the fourth lease to McKeon and the Hamilton Oil Syndicate with the understanding that those who held royalty deeds in Wells Nos. 3 and 4, including the plaintiff, would be protected, retaining no beneficial interest himself. Oil was produced from Well No. 4 and the plaintiff received dividend checks monthly from December 15, 1922, to April

15, 1923, inclusive, totaling $686.50, when the well failed. Further expenditures in deepening the well to 5,000 feet met with no success. A fifth well was drilled but was abandoned as valueless for oil. After losing $75,000 in his oil ventures the defendant Hamilton turned his attentions elsewhere. The plaintiff then brought this action alleging fraudulent misrepresentations on the part of the defendants and a violation of the Corporate Securities Act in the transfer of the royalty interests to her without a permit from the commissioner of corporations.

Assuming that the original royalty deed was a "security," there was no violation of the Corporate Securities Act (Stats. 1917, p. 673) when the defendant Hamilton, as sole owner of the two original leases, thus transferred to the plaintiff the one seventy-second interest therein. (*People* v. *Pace*, 73 Cal. App. 548 [238 Pac. 1089].) The plaintiff paid nothing for the subsequent royalty deeds.

The evidence as to the alleged fraud was conflicting. The trial court within its province resolved the conflict in favor of the defendants.

No other points require specific mention.

The judgment is affirmed.

Seawell, J., Preston, J., Curtis, J., Richards, J., and Waste, C. J., concurred.